UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW B. S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C21-703 TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I. ISSUE FOR REVIEW

1. Did the ALJ properly evaluate the opinion of examining psychologist Dr. Mashburn, and the opinions of the nonexamining consultants, Dr. Anderson and Dr. Nelson?

## II. BACKGROUNG

On May 31, 2018, plaintiff filed a Title XVI application for supplemental security income (SSI). AR 25. Plaintiff alleged a disability onset date of July 12, 2015. *Id.* Plaintiff's application was denied upon official review and upon reconsideration. AR 15.

A hearing was held before Administrative Law Judge ("ALJ") Glenn G. Meyers on September 22, 2020. AR 30-75. On October 9, 2020, ALJ Meyers issued a decision finding plaintiff not disabled. AR 12-25. On March 23, 2021, the Social Security Appeals Council denied plaintiff's request for review. AR 1–5.

Plaintiff seeks judicial review of the ALJ's September 22, 2020 decision. Dkt. 3.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV. DISCUSSION

In this case, the ALJ found that plaintiff had post-traumatic stress disorder (PTSD). AR 16. Based on these limitations, the ALJ found that plaintiff could perform light work limited to unskilled, repetitive, routine tasks in two-hour increments with no contact with the public. AR 19. Relying on vocational expert testimony, the ALJ found at step four that plaintiff could not perform their past relevant work, but could perform other jobs existing in significant numbers in the national economy, therefore, the ALJ found at step five that plaintiff was not disabled. AR 24.

A. Whether the ALJ Properly Evaluated Medical Opinion Evidence

Plaintiff assigns error to the ALJ's evaluation of the medical opinion of Dr. David Mashburn, a clinical psychologist examiner. Dkt. 10 at 4. Specifically, plaintiff argues that the ALJ erred by failing to provide "an adequate explanation" for giving Dr. Mashburn's opinion little weight and giving significant weight to the opinions of nonexamining consultants, Dr. John Anderson, Ph.D. and Dr. Gary Nelson, Ph.D. *Id.*

1. Medical Standard of Review

An ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983). Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent.

2. Opinion of Dr. Mashburn

Plaintiff contends that the ALJ failed to give proper weight to the opinion of Dr. Mashburn. Dkt. 10 at 4.

Dr. Mashburn evaluated plaintiff on April 24, 2018, and diagnosed plaintiff with PTSD. AR 269-70. Plaintiff was incarcerated in a Thai prison for 990 days and underwent a psychological evaluation with Dr. Mashburn a month after being released and returning to the United States. Based on his evaluation, Dr. Mashburn opined that plaintiff would have a marked limitation performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances without special supervision. AR 271.

But, Dr. Mashburn also found that Plaintiff would have mild or modern limitations in several other basic work activities, including understanding, remembering and persisting in tasks by following both simple and detailed instructions, learning new tasks, performing routine tasks without special supervision, adapting to change in a routine work setting, making simple-work related decisions, being aware of normal hazards and taking the appropriate precautions, asking simple questions or requesting assistance, communicating and performing effectively, maintaining appropriate behavior, completing a normal week day and week without interruptions from psychologically based symptoms, and setting realistic goals and planning independently. AR 271.

During the Mental Status Exam, Dr. Mashburn observed that Plaintiff had good hygiene and maintained good eye contact, his speech was goal directed, and he was cooperative. AR 272. Dr. Mashburn also found that Plaintiff appeared anxious and a bit overwhelmed at times when discussing his past imprisonment experience. AR 272.

The ALJ did not find Dr. Mashburn's opinion persuasive. AR 23. First, the ALJ found that Dr. Mashburn's opinion that plaintiff has a marked limitation as to his ability to maintain regular attendance with sufficient punctuality is inconsistent with the longitudinal record. *Id.* The ALJ, in reviewing the plaintiff's records, found that plaintiff presented "consistently appropriate" and engaged in activities that are not consistent with the reported severity and frequency of his alleged symptoms. *Id.* Second, the ALJ found that while Dr. Mashburn had the opportunity to examine plaintiff, he did not have an opportunity to review plaintiff's updated medical records. *Id.* Further, Finally, the ALJ

thought that Dr. Mashburn's opinion was not entirely consistent with his own observations and findings. *Id.* at 24.

The regulations require the ALJ to consider the "consistency" of a medical source's opinion with the evidence from other medical sources and nonmedical sources in the claim; the more consistent the medical opinion is with this evidence, the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(2); *see generally, Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes). The regulations also require an ALJ to consider the "supportability" of a medical opinion, meaning that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions" will be. 20 C.F.R. § 416.920c(c)(1).

In this case, the ALJ pointed out that much of the medical evidence in the record shows that plaintiff was fully oriented, had an appropriate mood, effect and behavior, and in no acute distress. AR 415, 411, 398, 321, 391, 386, 376, 345, 350, 358, 360, 362. Further, none of the treatment notes indicate that Plaintiff was *unable* to maintain regular attendance with sufficient punctuality.

The ALJ also pointed out that Plaintiff made statements and engaged in activities that were not entirely consistent with the reported severity and frequency of his alleged symptoms. AR 22. For example, despite his reported anxiety, Plaintiff was still able to regularly visit friends. AR 458. Overall, his mental health records reflect that his symptoms have improved over time. AR 551. As much of the record is consistent with

and reasonably supports the ALJ's finding, the ALJ has provided a valid reason, supported by substantial evidence, to discount Dr. Mashburn's opinion. AR 23

As for the ALJ's second reason for discounting Dr. Mashburn's opinion, the ALJ is correct in noting that Dr. Mashburn did not have the opportunity to review the Plaintiff's updated records. However, considering Dr. Mashburn was the first person to examine Plaintiff after being released from prison, there were no records for Dr. Mashburn to review.

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

In this case, the ALJ had the entirety of Plaintiff's records and it was his job to resolve conflicts in medical testimony. The ALJ's finding that Dr. Mashburn's opinion was inconsistent with the medical records was supported by substantial evidence; therefore, the ALJ's decision to discount it on the basis that Dr. Mashburn did not review the updated medical records is harmless error.

Finally, the ALJ gave little weight to Dr. Mashburn's opinions because the opinions were inconsistent with his own exam results. Discrepancies between a doctor's functional assessment and his clinical notes, recorded observations, and other comments regarding a claimant's capabilities constitute a legally sound reason for not relying on the assessment. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Embry v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Here, the ALJ identified specific evidence contained in Dr. Mashburn's

exam results which contradict his opinions. AR 24. The ALJ noted that while Dr. Mashburn found Plaintiff to be "anxious and apprehensive," he also observed that plaintiff was "cooperative with good hygiene and eye contact." *Id.*

Further, while Plaintiff's thought process and content were abnormal according to the formal Mental Status Exam, Plaintiff was also: fully oriented; his memory and concentration were normal; his perception was normal; his judgment and insight were within normal limits; his fund of knowledge was normal; and his abstract thought was normal. *Id.* As the record is consistent with and reasonably supports the ALJ's finding, the ALJ has provided a valid reason, supported by substantial evidence, to discount Dr. Mashburn's opinion. AR 24.

In August 2018, Dr. Anderson, a State agency medical consultant, opined that Plaintiff retains the capacity to carry out simple 1-3 step instructions; maintain concentration, pace, and persistence for up to 2-hours continuously; maintain adequate attendance; and complete a normal workday and workweek within normal tolerances of a competitive workplace. Plaintiff also retains the capacity to interact with the public on an occasional superficial basis with more frequent interactions with supervisors and workers; he will have occasional difficulties with adapting to change but will be able to adapt to normal, routine changes in a competitive workplace within normal tolerances; and he will have occasional difficulty but be able to respond appropriately to normal hazards in a competitive work environment. Dr. Nelson, also a State agency mental consultant, concurred with Dr. Anderson's opinion in November 2018.

The ALJ found the opinions of Dr. Anderson and Dr. Nelson persuasive because their opinions were "generally consistent with the longitudinal record". AR 23. The ALJ

specifically referred to unremarkable or normal observations and findings such as normal attention span, concentration, insight, and judgment during a host of appointments. AR 23. Further, while Plaintiff is correct in pointing out that Dr. Anderson and Dr. Nelson also did not review Plaintiff's updated records, the ALJ acknowledged this. AR 23. Nonetheless, the ALJ found, based on his review of Plaintiff's entire medical record, that Dr. Anderson and Dr. Nelson's opinions were consistent with the longitudinal record.

The ALJ provided specific and legitimate reasons that were supported by substantial record evidence for rejecting Dr. Mashburn's opinions in favor of Dr. Anderson and Dr. Nelson's opinions.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 30th day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge